UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VINCENT EDWARDS**, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**UNITED STATES OF AMERICA**, )<br>)<br>Defendant. )<br>) | Civil Action No. 15-cv-1418 (TSC) |

## MEMORANDUM OPINION

Plaintiff Vincent Edwards brings this action against the United States of America asserting that the District of Columbia Court Services and Offender Supervision Agency ("CSOSA") negligently detained him for thirty days after a no probable cause parole violation finding. Defendant has filed a Motion to Dismiss. (ECF No. 9). For the reasons set forth below, the court will GRANT the motion.

### A. BACKGROUND

The United States Marshals Service arrested Plaintiff on October 29, 2013 for an alleged probation violation. (Compl. ¶ 5). On November 12, 2013, a court found that there was no probable cause to support a finding that Plaintiff had violated his parole and ordered his immediate release, but he ended up being held for an additional thirty days and was released on December 13, 2013. (*Id*. ¶¶ 7–8). Plaintiff alleges that CSOSA "negligently caused his over detention by losing his paperwork" and he brings claims pursuant to the "tort claims act." (*Id*. ¶¶ 4, 9).

Defendant seeks dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, arguing that the government has not waived its sovereign immunity for Plaintiff's "negligence" claims.

## B.  STANDARD OF REVIEW

In considering a motion to dismiss for lack of jurisdiction under Rule 12(b)(1), a court "must review the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged." *Disner v. United States*, 888 F. Supp. 2d 83, 87 (D.D.C. 2012)(citing *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004)).  However, "the Court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions." *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006) (citation omitted).  "The party claiming subject matter jurisdiction bears the burden of demonstrating that such jurisdiction exists." *Stoddard v. Wynn*, 68 F. Supp. 3d 104, 110 (D.D.C. 2014) (citing *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008)).

## C.  ANALYSIS

Ordinarily, the United States is

immune from suit unless there is explicit statutory waiver of its sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agents from suit."). "Sovereign immunity is jurisdictional in nature," so a claim barred by sovereign immunity lacks subject matter jurisdiction and may be dismissed under a 12(b)(1) motion. *Id.*

One avenue for statutory waiver of sovereign immunity is the Federal Tort Claims Act ("FTCA").  The FTCA operates as a limited waiver of sovereign immunity, rendering the United States amenable to suit for certain . . . claims, subject to various exceptions set forth in 28 U.S.C. § 2680.

*Scruggs v. Bureau of Engraving & Printing*, Civil Case No. 15-2205 (RJL), 2016 WL 4098314, at *3 (D.D.C. Aug. 1, 2016) (footnote and some citations omitted).  Thus, as a general proposition, the government is liable for some claims under the FTCA "in the same manner and to the same extent as a private individual under like circumstances."  *Hornbeck Offshore Transp., LLC v. United States*, 563 F. Supp. 2d 205, 210 (D.D.C. 2008) (citing 28 U.S.C. §§ 2674, 1346(b)(1)), *aff'd*, 569 F.3d 506 (D.C. Cir. 2009).

There are exceptions, however, to this general proposition that the government is subject to suit "in the same manner" as a private individual.  One of those exceptions

> preserves sovereign immunity in claims against the government for certain intentional torts, *See* 28 U.S.C. § 2680(h) (sovereign immunity bars "any claim arising out of assault, battery, <u>false imprisonment</u>, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights"). This is known as the "intentional tort exception." *Millbrook*, 133 S. Ct. at 1443.
>
> The intentional tort exception has its own exception, known as the "law enforcement proviso," wherein sovereign immunity is waived. *Id.* This proviso "extends the waiver of sovereign immunity to claims for six intentional torts, including [false imprisonment], when they are based on the acts of omissions of law enforcement officers." *Id.* Therefore, while the government retains sovereign immunity against suits for most intentional torts, [a lawsuit is permissible] if one of six enumerated torts [including false imprisonment] was committed by a law enforcement or investigative officer "acting within the scope of his office or employment." *Id.* at 1445.

*Scruggs*, 2016 WL 4098314, at *3 (emphasis added).

Defendant argues that Plaintiff's claims are not actionable under the FTCA because: (1) the FTCA bars claims for false imprisonment; and (2) the officials who engaged in the alleged misconduct were not "investigative or law enforcement officers."

**1. Plaintiff's Claim Sounds In False Imprisonment.**

In response to Defendant's assertion that dismissal is appropriate because Plaintiff's claims—although labeled negligence claims—are instead claims for false imprisonment and

therefore not actionable under the FTCA, Plaintiff argues that Defendant has mischaracterized the nature of his claim. His claim is not one for false arrest or false imprisonment, he argues, because he was never unlawful detained: he "was never imprisoned without legal justification, nor did anyone intentionally cause him to be imprisoned without his consent." (Pls. Br. pp. 3-4). Instead, his allegation is that Defendant was negligent by losing his paperwork, which caused a delay in the processing of his release. (*Id.*) In other words, Plaintiff appears to argue that he is not bringing a false arrest, false imprisonment or other intentional tort claim, which is barred by the FTCA, but is instead pursuing an "over-detention" negligence claim relating to a lawful arrest and therefore he may proceed "in the same manner and to the same extent as a private individual under like circumstances." *See* 28 U.S.C. § 2674.

Plaintiff's argument is unpersuasive. Jurisdictional defects cannot simply be eliminated by creative pleading. As the D.C. Circuit has noted, "a litigant cannot circumvent the FTCA by the simple expedient of drafting in terms of negligence a complaint that in reality is a claim as to which the United States remains immunized." *Art Metal-U.S.A., Inc. v. United States*, 753 F.2d 1151, 1160 n.16 (D.C. Cir. 1985) (quoting *Johnson v. United States,* 547 F.2d 688, 691–92 (D.C. Cir. 1976) (alterations omitted)). "Although the court must accept the plaintiff's version of the facts as true, the court need not accept "the plaintiff's <u>characterization</u> of the facts." *Shuler v. United States*, 448 F. Supp. 2d 13, 18–19 (D.D.C. 2006) (emphasis in original) (citation omitted), *aff'd*, 531 F.3d 930 (D.C. Cir. 2008).

*Snow-Erlin v. United States*, 470 F.3d 804 (9th Cir. 2006), also involved an "over-detention" claim. In that case, the plaintiff was arrested in 1996 for driving under the influence ("DUI") and sentenced to six months imprisonment. *Id.* at 806. Subsequently, the Parole Commission revoked plaintiff's parole from a prior sentence and added twenty months to the

DUI sentence. *Id*. The following year, plaintiff filed a successful habeas petition challenging the Parole Commission's jurisdiction. *Id.* The court found that the plaintiff's parole had actually expired by the time of his DUI arrest and therefore the Commission had no jurisdiction to impose the additional term of imprisonment. *Id*. Plaintiff subsequently filed a "negligence" claim, where the "only harm alleged [wa]s that the United States kept [plaintiff] imprisoned for 311 days too long" on the DUI charge due to the miscalculation of his parole expiration date. *Id*. at 808-9, 807. The Ninth Circuit upheld the district court's dismissal of the plaintiff's claims, noting that he could not "sidestep the FTCA's exclusion of false imprisonment claims by suing for the damage of false imprisonment under the label of negligence." *Id*. at 809.

Like the plaintiff in *Snow-Erlin*, Plaintiff here also challenges his "over-detention" (*see* Compl. ¶ 10), and alleges that the agency's negligence caused the over-detention. And like the plaintiff in *Snow-Erlin,* Plaintiff's "negligence" claim in this case is barred.

Not only does the FTCA bar false imprisonment claims, but it also explicitly bars "[a]ny claim <u>arising out of</u> . . . <u>false imprisonment</u>," 28 U.S.C. § 2680(h)(emphasis added), whether or not labeled as such. "Claims for false imprisonment and all claims '<u>arising out of</u>' false imprisonment, though labeled something else, are not actionable." *Stoddard v. Wynn*, 68 F. Supp. 3d 104, 115 (D.D.C. 2014) (emphasis added) (citations omitted). A lawful arrest or detention that later turns into an unlawful detention involves a legal claim that "arises out of" false imprisonment, because the foundation of such a claim is the unlawful deprivation of liberty. *See Gabrou v. May Dep't Stores Co.,* 462 A.2d 1102, 1104 (D.C. 1983) ("'In this jurisdiction, the gravamen of a suit for false arrest or false imprisonment is an unlawful detention.'") (citation omitted); *MacDonald v. Schenkel*, 125 F.2d 737 (D.C. Cir. 1941) (false imprisonment claim by plaintiff against his brother-in-law, after the brother-in-law agreed to drive the plaintiff home,

but later took the plaintiff to the police station against his will); *Wormley v. United States*, 601 F. Supp. 2d 27 (D.D.C. 2009) (FTCA claim for false imprisonment based on over-detention where plaintiff was lawfully taken into custody, but remained in custody for close to five additional months after serving her sentence); *Smith v. D.C.*, 149 F. Supp. 3d 128 (D.D.C. 2015) (false imprisonment claim by plaintiff who was ordered released as of March 18, 2014, but was not freed until April 10, 2014); *Joyner v. Sibley Mem'l Hosp.*, 826 A.2d 362 (D.C. 2003) (false imprisonment claim by hospital employee who voluntarily entered a room for questioning, but was later prevented from leaving); *Douglas v. United States*, 796 F. Supp. 2d 1354, 1365 (M.D. Fla. 2011) ("Even though this Court finds that the government had probable cause to initiate the removal proceeding in 2005, a lawful detention can become unlawful at the point when the continued detention is no longer reasonable.") (*citing Caban v. United States,* 728 F.2d 68 (2d Cir. 1984)).

Plaintiff points to no legal authority to support his proposition that he may proceed with his claim simply because his initial dentition was lawful. Instead, he simply quotes from *Edwards v. Okie Dokie, Incorporated*, 473 F. Supp. 2d 31, 44 (D.D.C. 2007), in which the court set forth the elements for a false arrest/false imprisonment claim and examined whether the police had probable cause to make an arrest. Nothing about that case is relevant to the dispute at issue here.

**2. CSOSA Officers Are Not "Investigative or Law Enforcement Officers."**

While "the FTCA retains the government's immunity from suits predicated on claims arising out of . . . false imprisonment, the government's sovereign immunity is nevertheless waived if the challenged conduct is committed by an 'investigative or law enforcement officer.'" *Ford v. Mitchell*, 890 F. Supp. 2d 24, 34-35 (D.D.C. 2012) (citing 28 U.S.C. § 2680(h)).

Therefore, in light of the court's finding that Plaintiff's claims sound in false imprisonment, the court will only have subject matter jurisdiction over his FTCA claim if the CSOSA Defendants fall within the "investigative or law enforcement officer" exception under Section 2680(h).

The court agrees with the holding in *Ford v. Mitchell*, 890 F. Supp. 2d 24, 35 (D.D.C. 2012) (citing 28 U.S.C. § 2680(h)), that the "'investigative or law enforcement officer exception' does not apply to the CSOSA . . . Defendants. The FTCA defines an 'investigative or law enforcement officer' as 'any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of federal law.'" However, "CSOSA officers do not have the authority to make arrests, and only have authority to recommend that the [United States Parole Commission] issue a warrant." *Ford*, 890 F. Supp. 2d at 35; *see also Banks v. Harrison*, 864 F. Supp. 2d 142, 147 n.2 (D.D.C. 2012) (noting that CSOSA employee was "not a law enforcement officer within the definition of the FTCA" because he had no "authority to 'execute searches, to seize evidence, or to make arrests for violations of Federal law'"); *Wilson v. United States*, 959 F.2d 12, 15 (2d Cir. 1992)("[P]arole officers lack any of the powers belonging to investigative or law enforcement personnel.").

Plaintiff cites to *Millbrook v. United States*, 133 S. Ct. 1441 (2013), which he contends "gives a broader meaning to the phrase 'investigative or law enforcement officer' than whether or not the official had arrest power." (Pls. Br. 5.) However, Plaintiff misunderstands the Supreme Court's holding in that case. In *Millbrook*, the Court held that "the waiver effected by the [investigative or law enforcement provision of § 2680(h)] extends to acts or omissions of law enforcement officers that arise within the scope of their employment, <u>regardless of whether the officers are engaged in investigative or law enforcement activity, or are executing a search, seizing evidence, or making an arrest</u>." *Millbrook*, 133 S. Ct. at 1446 (emphasis added). This

means only that law enforcement officers need not be actively "executing a search, seizing evidence, or making an arrest" in order for the waiver to apply. *See id.* at 1445-46. Thus, *Millbrook* is inapplicable to the facts presented here.

### D. CONCLUSION

For the reasons explained above, Plaintiff's claim—which sounds in false imprisonment despite being couched in terms of negligence—is barred by the intentional tort exception of the FTCA, and CSOSA officers do not fall within the "investigative or law enforcement" exception. Accordingly, the court will GRANT Defendant's motion to dismiss for lack of subject matter jurisdiction.

Date: September 30, 2016

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge